**Mitro DURO, Olga Duro, Niko Duro, Jani Duro, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

Nos. 05–5231–ag (L); 05–5233–ag (Con).

United States Court of Appeals, Second Circuit.

July 31, 2006.

Vlad Kuzmin, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Edmond Chang, Craig A. Oswald, George Jackson, III, Assistant United States Attorneys, Chicago, IL, for Respondent.

Present GUIDO CALABRESI, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review filed under docket number 05–5233–ag is DISMISSED with prejudice under Federal Rule of Appellate Procedure 42(b), and the petition for review filed under docket number 05–5231–ag is DENIED.

Mitro, Olga, Niko, and Jani Duro petition for review of the BIA decision affirming Immigration Judge ("IJ") Victoria Ghartey's denial of their applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, we will construe petitioner's June 15, 2006 letter requesting withdrawal of Niko Duro's petition for review as a motion for dismissal pursuant to Federal Rule of Appellate Procedure 42(b), and we grant the motion.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ was reasonable in relying on various inconsistencies as factors supporting her adverse credibility determination. There were some possible inconsistencies between Duro's written application and oral testimony regarding the alleged stabbing and the mutilation of his foot; and these went to the heart of his claim of persecution on account of his Greek ethnicity. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158–60 (2d Cir.2006). The date inconsistencies—which were gross—are also substantial in this case, as they are inextricably linked to the arrest, which was the dramatic event allegedly precipitating the family's flight from Albania. *See Xiao Ji Chen,* 434 F.3d at 159–60. Finally, the family's inconsistent testimony regarding who witnessed Duro's last arrest is also substantial when measured against the record as a whole, as it relates to the alleged persecutorial impetus for their departure from Albania. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

In light of the inconsistent testimony, Duro's failure to produce evidence corrob-

orating various aspects of his claim could also be relied on by the IJ as a factor in her determination. *See Xiao Ji Chen,* 434 F.3d at 164. Her adverse credibility finding is thus substantially supported by the record as a whole.

Because the only evidence of a threat to the Duros' lives or freedom depended upon their credibility, the adverse credibility determination in this case necessarily precludes success on their claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). While Duro raises a CAT claim in his brief to this Court, because he did not argue it before the BIA, he has not properly exhausted all available administrative remedies, and this Court lacks jurisdiction to review the claim. 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005)

For the foregoing reasons, the petition for review filed under docket number 05–5233–ag is DISMISSED with prejudice under Federal Rule of Appellate Procedure 42(b), and the petition for review filed under docket number 05–5231–ag is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.